# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FILIBERTO AVALOS,**

        **Petitioner,**

v.                                                 Civil Action No.: 3:20-CV-188
                                                            (GROH)

**ROBERT HUDGINS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On September 30, 2020, Petitioner, an inmate at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his sentence. ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:20-CV-188 unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence in the Eastern District of Missouri [2]

On August 29, 2012, an indictment was returned in the Eastern District of Missouri, case number 4:12-CR-316, which charged Petitioner with one count of possession of intent to distribute heroin and cocaine. ECF Nos. 13, 14. Petitioner entered a guilty plea on December 18, 2012. ECF No. 35. On March 26, 2013, Petitioner was sentenced to 121 months of imprisonment. ECF No. 43.

### B. Conviction and Sentence in the District of Kansas [3]

On March 15, 2013, in case number 2:13-CR-20026 in the District of Kansas, a twenty-six count indictment was returned, which charged Petitioner with various drug trafficking and firearms offenses. ECF No. 1. On December 17, 2014, the Petitioner entered a plea of guilty to Counts 17 and 26, both violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2, and to Counts 16 and 25, both violations of 18 U.S.C. §922(g)(1) and 924(a)(2). ECF Nos. 39, 40. On June 29, 2015, Petitioner was sentenced to 175 months of incarceration, comprised of 120 months of each of Counts 16 and 25, and 175 months on each of Counts 17 and 26, with all counts to be served concurrently with each other, and concurrently with the sentence imposed in the Eastern District of Missouri, case number 4:12-CR-316-1. ECF No. 50 at 2. A review of PACER shows that

---

[2] Throughout sections II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 4:12-CR-316 from the Eastern District of Missouri, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Throughout sections II.B., II.C., and II.D., all ECF numbers refer to entries in the docket of Criminal Action No. 2:13-CR-20026 from the District of Kansas, available on PACER.

Petitioner did not directly appeal his conviction or sentence.

Subsequently, on September 22, 2020, Petitioner filed an appeal in the Tenth Circuit Court of Appeals, docket number 20-3194, regarding the denial of a motion to reduce his sentence. ECF Nos. 72, 74. That matter remains pending with the Tenth Circuit.

### C. Motion to Vacate Pursuant to 28 U.S.C. § 2255

On June 19, 2019, Petitioner filed a motion to vacate, set aside or correct sentence, in case number 2:13-CR-20026, in the District of Kansas. ECF No. 59. That motion was stayed on June 20, 2019, and ordered to remain stayed on July 23, 2019. ECF Nos. 58, 64. Petitioner filed a motion to supplement his § 2255 motion on February 10, 2020. ECF No. 66. The Court has not issued any further orders on Petitioner's motion to vacate or motion to supplement.

### D. Other Motions for Relief in the District of Kansas

Petitioner moved for compassionate release on August 7, 2020, on the ground that other inmates have tested positive for COVID-19 at the institution where he is incarcerated, Gilmer FCI. ECF No. 69. On September 3, 2020, the District Court denied Petitioner's motion for compassionate relief. ECF No. 71.

### E. Instant Petition for Habeas Corpus Under § 2241

On September 30, 2020, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court. ECF No. 1.

Petitioner's sole ground for relief is that the Bureau of Prisons has improperly calculated his good time credit. ECF No. 1 at 5 – 6. Petitioner claims that he was sentenced to 14 years and 7 months of incarceration, however, his computation sheet

3

states that his sentence is 16 years and 10 months.  Id.  Further, Petitioner claims that his appeals through the administrative remedy process and to the Bureau of Prisons have both been denied.  Id. at 7 – 8.

Petitioner asks this Court to order the Bureau of Prisons calculate his sentence consistent with the district court sentencing order.  ECF No. 1 at 9.

### III.     LEGAL STANDARD

#### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable

merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

The United States Supreme Court has long recognized that the United States

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement. United States v. Wilson, 503 U.S. 329, 334–35 (1992). This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing. Id. at 333. In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the defendant was arrested; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Further, 18 U.S.C. §§ 3624(a) and (b)(1) provide that a prisoner shall be released by the Bureau of Prisons upon the calculation of good time credits, "subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."

    In the instant case, Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence. However, it is clear from 18 U.S.C. §§ 3585 and 3624 and the holding of Wilson, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear

from Wilson and other holdings that this Court may not usurp the Bureau of Prisons' authority.  Accordingly, Petitioner's relief is without merit.

## V.  RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because sentences are properly calculated only by the Bureau of Prisons, and this Court is unable to provide the relief requested.

I further **RECOMMEND** that the Motion to Proceed Without Prepayment of Fees [ECF No. 2] be **TERMINATED as MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court.

7

The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** October 6, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE