IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FILIBERTO AVALOS,**

      Petitioner,

v.                               **CIVIL ACTION NO.: 3:20-CV-188 (GROH)**

**ROBERT HUDGINS,**

      Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on October 6, 2020. ECF No. 5. Pursuant to the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. See LR PL P 2. In the R&R, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's § 2241 Petition with prejudice. The Petitioner timely filed his objections to the R&R on October 23, 2020. ECF No. 8. Accordingly, this matter is now ripe for adjudication. For the reasons stated below, the Court **ADOPTS** the R&R **IN PART**.

### I. BACKGROUND

Upon review of the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying

the Petitioner's claims. For ease of review, the Court incorporates those facts herein. However, the Court has outlined the most relevant facts below.

On October 6, 2020, the Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence. ECF No. 1. The Petitioner's sole ground for relief is that the Bureau of Prisons ("BOP") improperly calculated the time remaining on his sentence.[1] Id. at 5–6. He avers that he was sentenced to a term of 14 years and 7 months of imprisonment, but his sentence computation data sheet states that his sentence is 16 years and 10 months. ECF No. 1-1 at 2; see also ECF No. 1-2. He further avers that he has exhausted his administrative remedies with the BOP. ECF No. 1-1 at 2. The Petitioner asks the Court to direct the BOP to recalculate his sentence in accordance with the district court's sentencing order. Id. at 3.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v.

---

[1] While the R&R states that the Petitioner's "sole ground for relief is that the Bureau of Prisons . . . improperly calculated his good time credit" [ECF No. 5 at 3], the Petitioner states in the petition that he is challenging the BOP's computation of his federal sentence. See ECF No. 1 at 10.

2

Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).

Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). When a party makes only general objections to the R&R, meaning "objections [that] are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge," the party waives his right to de novo review, and the Court subjects that portion of the R&R to a clear error review. Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Magistrate Judge Trumble finds that pursuant to 18 U.S.C. §§ 3585 and 3624, and the Supreme Court's holding in United States v. Wilson, 503 U.S. 329, 334–35 (1992),

3

that it is "the exclusive responsibility of the Bureau of Prisons" to calculate sentences for federal inmates, and that this Court may not usurp that authority. ECF No. 5 at 6–7. Thus, Magistrate Judge Trumble concludes that the Petitioner's challenge under § 2241 is without merit and recommends that the Court dismiss his petition with prejudice. Id. at 7.

The Petitioner objects to the R&R's finding that the Court is without authority to review the BOP's computation of his federal sentence. ECF No. 8. He argues that his challenge is properly raised in a § 2241 petition, and that this Court has the authority to review the BOP's computation of his sentence because the BOP has denied his requests to recalculate his sentence. Id. at 2. Having timely filed objections,[2] this Court will review this portion of the R&R de novo and reviews the remainder of the R&R for clear error.

While a district court has no authority to give credit for time served, a prisoner may seek judicial review of his claim for credit against a sentence under 28 U.S.C. § 2241 in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). The Court may review the petitioner's challenge to the BOP's computation of sentence under § 2241 and, if warranted, make recommendations to the BOP. See United States v. Stroud, 584 F. App'x 159, 160 (4th Cir. 2014) ("The court's decision to order a sentence and to give credit to [the petitioner] for a period of time . . . prior to sentencing is without effect as the BOP will be determining how much credit [the petitioner] should receive for the period he was detained prior to sentencing."). Thus, this Court has the authority to review the Petitioner's challenge to the BOP's computation of his sentence under § 2241,

---

[2]  Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was entered on October 6, 2020. ECF No. 5. The Petitioner accepted service of the R&R on October 13, 2020. ECF No. 7.

even if it lacks authority to grant credit for time served. Accordingly, the Court **REJECTS** the R&R's finding that the Petitioner's claim was meritless because the BOP has the exclusive authority to compute sentences.

However, the Fourth Circuit has long held that in order for the Court to review a challenge of the BOP's computation of sentence, the petitioner must first exhaust his administrative remedies with the BOP. See Stroud, 584 F. App'x at 160 (stating that if a prisoner is unsatisfied with the results of the BOP's administrative process, he may file a petition under § 2241); Everett v. Ray, No. 00-6121, 2000 WL 429928, at *1 (4th Cir. 2000); United States v. Bailey, No. 92-5592, 1993 WL 359485, at *1 (4th Cir. 1993). Failure to exhaust administrative remedies may only be excused by a showing of cause and prejudice. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). When a petitioner in a § 2241 proceeding fails to exhaust his administrative remedies, his claims will be procedurally defaulted. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996).

Here, the Petitioner claims that he has exhausted his administrative remedies with the BOP. However, he has failed to present any evidence to the Court, such as the BOP's denial of his request for presentence credit. Accordingly, the Court finds that the petition should be dismissed for the Petitioner's failure to exhaust his administrative remedies prior to filing.[3] See Major v. Apker, 576 F. App'x 284, 288 (4th Cir. 2014) (stating, "a

---

[3] Assuming *arguendo* that the Petitioner exhausted his administrative remedies prior to filing his § 2241 petition, the Court finds that the Petitioner's challenge is meritless. "In calculating time served for concurrent sentences, BOP considers a federal sentence to commence when it is imposed." Winston v. U.S. Atty. Gen., No. 3:12CV172, 2013 WL 3967292, at *1 (E.D. Va. Aug. 1, 2013) (citing United States v. Labeille-Soto, 163 F.3d 93, 98–99 (2d Cir. 1998) (holding that a federal sentence cannot commence before it is imposed)). Here, the Petitioner's 175-month sentence was imposed a little over two years after his 121-month sentence was imposed. The Petitioner may not receive credit for time served on his first

district court may review under § 2241 the BOP's ruling on an inmate's request for presentence credit") (emphasis added); United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) (affirming the district court's dismissal of the petitioner's § 2241 petition for failing to present evidence that he exhausted his administrative remedies).

## IV. CONCLUSION

Upon careful review of the R&R and the Petitioner's objections, the Court hereby **ADOPTS** Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] **IN PART**.  The Court adopts the R&R's conclusion and **ORDERS** that the § 2241 Petition [ECF No. 1] be **DISMISSED WITH PREJUDICE** for failure to present evidence of exhaustion of administrative remedies.  However, the Court declines to adopt the R&R's finding that this Court is without authority to review the Petitioner's computation of sentence challenge under § 2241.  The Court further **ORDERS** that the Petitioner's Motion to Proceed Without Prepayment of Fees [ECF No. 2] be **TERMINATED** as **MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** March 29, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

sentence before his second sentence was imposed.  Thus, the BOP correctly computed the Petitioner's federal sentence.